## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**RUTH YAMADA,**

    **Plaintiff,**

v.                                         CASE NO.:

**FORTUNE-HR, LLC and**
**BLUE CHIP 2000 COMMERCIAL**
**CLEANING, INC.,**

    **Defendants.**
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RUTH YAMADA ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, FORTUNE-HR, LLC and BLUECHIP 2000 COMMERCIAL CLEANING, INC. ("Defendants"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages and retaliation under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Marion County, Florida.

## **PARTIES**

4. Plaintiff is a resident of Marion County, Florida.

5. Defendant Fortune-HR and Defendant Blue Chip jointly operate a commercial cleaning business in Marion County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. §203(d).

12. Defendants continue to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

16. Plaintiff began working for Defendants as an account manager in August 2020, and she worked in this capacity until October 27, 2020.

17. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

18. As a non-FLSA exempt employee, Plaintiff was entitled to be compensated for all of the overtime hours that she worked at a rate equal to one and one-half times her regular hourly rate.

19. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

20. Plaintiff logged her own hours through Defendants' hour tracking system.

21. Defendants would review the hours worked by Plaintiff and delete any overtime hours logged in the system by Plaintiff.

22. In or around late-September 2020, Plaintiff complained to Defendants about Defendants' failure to compensate her for the overtime hours that she worked.

23. On or around October 27, 2020, Defendants terminated Plaintiff's employment in retaliation for Plaintiff's complaint regarding unpaid overtime.

24. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

### COUNT I – FLSA OVERTIME VIOLATION

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

28. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

   a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

   b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

   c) An amount equal to Plaintiff's overtime damages as liquidated damages;

   d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment, stating that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

30. By complaining about unpaid overtime, Plaintiff engaged in protected activity under the FLSA.

31. By terminating Plaintiff's employment, Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA.

32. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

33. Plaintiff was injured due to Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a judgment, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Compensatory damages, including emotional distress, allowable at law; and

    f)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 27th day of August, 2021.

        Respectfully submitted,

        _____
        **LUIS A. CABASSA**
        Florida Bar Number: 0053643
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Direct No.: 813-379-2565
        Facsimile No.: 813-229-8712
        Email: lcabassa@wfclaw.com
        Email: gnichols@wfclaw.com
        **Attorneys for Plaintiff**