# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**RUTH YAMADA,**

    **Plaintiff,**

**v.**                                                             **Case No: 5:21-cv-436-JSM-PRL**

**FORTUNE-HR, LLC and BLUE CHIP**
**2000 COMMERCIAL CLEANING,**
**INC.,**

    **Defendants.**

## ORDER

Before the court is non-party Washington Prime Group's ("WPG") motion to modify subpoena and objection to subpoena (Doc. 30) and non-party Ashley Wheeler's joinder in the motion to modify subpoena and objection to subpoena (Doc. 31).

Plaintiff initially filed this complaint asserting violations of FLSA for failure to pay a minimum wage, failure to pay overtime wages, and retaliation. On June 15, 2022, WPG accepted service of the subpoena seeking "all personnel and employment records regarding Ashley Wheeler." Nonparties WPG and Ms. Wheeler state that the subpoena is overbroad and not reasonably calculated to lead to discoverable evidence. Ms. Wheeler's personnel file contains personal and confidential information, including retirement account information and banking information.

Plaintiff has now responded to the motion and asserts that she does not oppose the motion but requests the court to modify the subpoena and limit it to require the production of all personnel and employment records regarding Ashley Wheeler dated from October 27, 2020 until the termination of Ms. Wheeler's employment with WPG. According to Plaintiff,

- 2 -

Ms. Wheeler is a former employee of WPG and was the General Manager of Paddock Mall where Plaintiff worked. Ms. Wheeler attended the meeting where Defendant terminated Plaintiff's employment. Plaintiff seeks discovery related to Ms. Wheeler's identifying information, such as her last known address, educational history, and contact information in order to depose her. Plaintiff also seeks information relating to Ms. Wheeler's employment history, employment with EPG, interactions with Plaintiff, and the reason for Plaintiff's termination. Plaintiff does not seek any information regarding Ms. Wheeler's bank information, retirement account information, or any documents related to WPG's internal operations. The court finds that the information sought by Plaintiff is not overbroad and is reasonably calculated to lead to discoverable evidence.

Accordingly, the motions to modify the subpoena and join the objection to the subpoena (Docs. 30, 31) are granted to the extent that the subpoena is modified to: All personnel and employment records regarding Ashley Wheeler dated from October 27, 2020 until the termination of Ms. Wheeler's employment with WPG.

**DONE** and **ORDERED** in Ocala, Florida on July 21, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties